United States District Court
Southern District of Texas
**ENTERED**
January 24, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HIRA AZHAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-18-2254 |
| | § | |
| DALIO HOLDINGS I, LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is Plaintiff Hira Azhar's Motion to Remand (Document No. 3). Having considered the motion, submissions, and applicable law, the Court determines the motion should be granted.

### I. BACKGROUND

This is a property rights dispute arising from divorce proceedings (the "Divorce Proceedings"). On June 25, 2015, Plaintiff Hira Azhar ("Azhar") filed the Divorce Proceedings against Mohammad Ali Choudhri ("Choudhri") in the 312th District Court of Harris County, Texas. On July 2, 2018, Azhar joined Defendant Dalio Holdings I, LLC ("Dalio"), alleging Dalio was necessary for a just and right division of property. On July 5, 2018, Dalio removed the case to this Court on the basis of diversity jurisdiction, contending Azhar fraudulently misjoined Dalio. On July 23, 2018, Azhar moved to remand the case to state court.

## II. LAW & ANALYSIS

Azhar contends the Court should remand the case to state court and further contends the Court should award Azhar attorney fees and costs. The Court will address each contention in turn.

*A.	Remand*

Azhar contends the Court should remand the case to state court because Dalio fails to meet its burden to show the Court has subject matter jurisdiction. "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a case to federal court if the federal court has subject matter jurisdiction to hear the original complaint. 28 U.S.C. § 1441(a). The removing defendant has the burden to show the Court has subject matter jurisdiction. *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995). Because federal courts are of limited jurisdiction, doubts as to the propriety of removal must be resolved in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). When diversity of citizenship is the alleged basis for subject matter jurisdiction, removal is proper if there is, *inter alia*, complete diversity of citizenship. 28 U.S.C. § 1332(a); *see also Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). "When jurisdiction depends on citizenship, citizenship should be 'distinctly and affirmatively alleged.' " *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th

Cir. 1991) (quoting *McGovern v. Am. Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)). The Court lacks subject matter jurisdiction based on diversity of citizenship in a suit between aliens. *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014). Because Dalio, as the removing defendant, bears the burden to show removal is proper, the Court turns to whether Dalio can show the Court has subject matter jurisdiction.

Dalio does not contend the Court has subject matter jurisdiction over the Divorce Proceedings. Instead, Dalio contends Azhar's claims against Dalio (the "Dalio Claims") should be severed from the Divorce Proceedings because Azhar fraudulently misjoined Dalio. Dalio further contends, by severing the Dalio Claims from the Divorce Proceedings, the Court has subject matter jurisdiction based on diversity of citizenship. To show diversity, Dalio distinctly and affirmatively alleges Azhar is a citizen of Pakistan and Dalio is a citizen of the United Kingdom.[1] Dalio thus distinctly and affirmatively alleges Azhar and Dalio are both aliens. Assuming, *arguendo*, the Court were to sever the Dalio Claims from the Divorce Proceedings, the Court would lack subject matter jurisdiction based on diversity of citizenship because Azhar and Dalio are both aliens. The Court

---

[1] *Notice of Removal*, Document No. 1 at 1–2; *Defendant Dalio Holdings I, LLC's Response in Opposition to Hira Azhar's Motion to Remand*, Document No. 5 at 1 n.1.

therefore finds Dalio fails to meet its burden to show the Court has subject matter jurisdiction. Thus, the Court finds the case should be remanded to state court.[2]

## B. Attorney Fees

Azhar contends the Court should award her attorney fees and costs under 28 U.S.C. § 1447(c). "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Generally, "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Court does not consider the motive of the removing defendant and instead considers "the objective merits of removal at the time of removal, irrespective of the fact that it might ultimately be determined that removal was improper." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292–93 (5th Cir. 2000).

In support of removal, Dalio contended, by severing the Dalio Claims from the Divorce Proceedings, the Court would have subject matter jurisdiction based on diversity of citizenship. Dalio distinctly and affirmatively alleged Azhar and Dalio are both aliens. Dalio's contention that subject matter jurisdiction based on diversity of citizenship would exist in a suit between aliens lacked objective merit

---

[2] Azhar further contends the case should be remanded because of the: (1) domestic relations exception to removal; (2) local defendant prohibition on removal; (3) one-year limitation on removal; and (4) failure to obtain removal consent. However, in light of the Court's holding, the Court need not address these contentions.

at the time of removal. The Court therefore finds Dalio lacked an objectively reasonable basis for seeking removal. Thus, the Court finds Azhar is entitled to an award of attorney fees and costs under § 1447(c).

### III. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Plaintiff Hira Azhar's Motion to Remand (Document No. 3) is **GRANTED**. This case is therefore **REMANDED** to the 312th District Court of Harris County, Texas. The Court further

**ORDERS** that Plaintiff Hira Azhar's request for attorney fees and costs under 28 U.S.C. § 1447(c) made in Plaintiff Hira Azhar's Motion to Remand (Document No. 3) is **GRANTED**. If the parties are unable to reach a resolution on the amount of Azhar's attorney fees and costs, Azhar must file a motion and supporting affidavit to establish the amount of attorney fees and costs Azhar seeks within thirty days from the date of this Order. Dalio must respond, if it wishes to respond, within twenty-one days after the filing of Azhar's motion.

SIGNED at Houston, Texas, on this 24 day of January, 2019.

DAVID HITTNER
United States District Judge